# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THEODORE JOSEPH SCHAEFER,<br><br>Defendant. | Case No. CR10-0094<br><br>ORDER CLARIFYING CONDITIONS OF RELEASE |

This matter comes before the Court on the Motion for Clarification of Order Setting Conditions of Release (docket number 14) filed by the Defendant on November 11, 2010. Defendant asks that the Court clarify what was meant by "supervised contact" in the Order Setting Conditions of Release. While the motion does not seek expedited relief, the Court finds that the circumstances warrant consideration of the motion without waiting for a resistance or response. *See* Local Rule 7.e.

Defendant Theodore Joseph Schaefer was charged by Indictment on October 1, 2010 with one count of possession of child pornography. Defendant entered a plea of not guilty and trial is scheduled for December 20, 2010. Following a hearing, the Court ordered Defendant released pursuant to an Order Setting Conditions of Release (docket number 12). Among other things, the Court ordered home incarceration, to be monitored by active GPS electronic monitoring. The Court also ordered Defendant to have no contact with anyone under the age of 18, without prior written consent of his probation officer, with the following exception:

> Defendant may have supervised contact with daughters, unless prohibited by another court order.

*See* Order Setting Conditions of Release (docket number 12), ¶ (bb), at 3.

The issue raised by the instant motion is whether the contact may be supervised by the children's mother (Defendant's ex-wife) or grandfather. The United States Probation

1

Office interpreted the Court's Order to require supervision by a licensed social worker who has been approved by their office. According to the motion, "the government resists [Defendant's] proposal that his conditions of release be modified or clarified to allow contact with his minor children by someone other than a trained professional."

According to the instant motion, Defendant has two daughters, ages 10 and 14. The motion asserts that each of the girls have been interviewed by the Child Protective Unit at St. Luke's Hospital in Cedar Rapids, and "[b]oth daughters denied any inappropriate behavior by their father towards them." The children's mother is represented by an attorney (Thomas Buchanan), who has told Defendant's counsel that the children's mother believes "it is in the daughter's [sic] best interests to have contact with their father, and that she is an appropriate 'supervisor' of any visit that the daughters may have with their father."

The Court finds that the supervised contact between Defendant and his daughters, as previously authorized in the Order Setting Conditions of Release, must be supervised either by the children's mother *or* by a licensed social worker. The Defendant and any supervisor of visitation are reminded, however, that the supervisor must remain with the children at all times while they are having contact with their father.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Clarification (docket number 14) filed by the Defendant is **GRANTED** as follows: The supervised contact previously authorized by the Court may be supervised either by the children's mother *or* by a licensed social worker. "Supervised contact" requires the supervisor to be with the children at all times when they are having contact with Defendant.

DATED this 15th day of November, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA