# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>THEODORE JOSEPH SCHAEFER,<br><br>   Defendant. | No. 10-CR-94-LRR<br><br>**SENTENCING MEMORANDUM** |

_____

## *I. INTRODUCTION*

The matter before the court is the sentencing of Defendant Theodore Joseph Schaefer.

## *II. PROCEDURAL HISTORY*

On October 1, 2010, a grand jury returned a one-count Indictment (docket no. 2) against Defendant. Count 1 charged Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). On November 16, 2010, the government filed a one-count Information (docket no. 19). Count 1 charged Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

On December 6, 2010, Defendant appeared before United States Magistrate Judge Jon S. Scoles and pled guilty to Count 1 of the Indictment and Count 1 of the Information. On December 21, 2010, the undersigned accepted Defendant's guilty pleas.

On February 16, 2011, the United States Probation Office ("USPO") released a draft copy of Defendant's Presentence Investigation Report ("PSIR"). Both parties filed Objections. On February 28, 2011, Defendant filed a "Motion to Merge Counts of Conviction" ("Motion to Merge") (docket no. 33). On March 10, 2011, USPO released a final copy of the PSIR.

On April 4, 2011, the government filed its sentencing memorandum ("Gov't. Sent. Mem.") (docket no. 41). On April 9, 2011, Defendant filed his sentencing memorandum ("Def. Sent. Mem.") (docket no. 44). On April 18, 2011, the court held a hearing ("Hearing") on Defendant's Motion to Merge. Assistant United States Attorney Peter Deegan, Jr. represented the government. Attorney Raphael Scheetz represented Defendant, who was personally present. After taking evidence on the Motion to Merge, the court proceeded with the sentencing issues. As part of the sentencing hearing, the court received evidence, heard argument and listened to Defendant's allocution. The court advised the parties that it would take the sentencing issues under advisement, issue a written opinion and then reconvene the Hearing to impose sentence. All contested issues in Defendant's sentencing are now fully submitted and ready for decision.

On May 5, 2011, the court issued an Order (docket no. 50) granting Defendant's Motion to Merge. The PSIR calculated Defendant's Guidelines range to be 135-168 months imprisonment. However, because the statutory maximum on the now single count of conviction is 120 months, the Guidelines range becomes 120 months. *See* USSG §5G1.1 ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). With this in mind, the court turns to the contested sentencing issues.

### III. SENTENCING FRAMEWORK

A "district court should begin [a sentencing proceeding] with a correct calculation of the [defendant's] advisory Sentencing Guidelines range." *United States v. Braggs*, 511 F.3d 808, 812 (8th Cir. 2008). A defendant's Guidelines range "is arrived at after determining the appropriate Guidelines range and evaluating whether any traditional Guidelines departures are warranted." *United States v. Washington*, 515 F.3d 861, 865 (8th Cir. 2008).

"[A]fter giving both parties a chance to argue for the sentence they deem appropriate, the court should consider all of the factors listed in 18 U.S.C. § 3553(a) to determine whether they support the sentence requested by either party." *Braggs*, 511 F.3d at 812. "The district court may not assume that the Guidelines range is reasonable, but instead 'must make an individualized assessment based on the facts presented.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)); *see, e.g.*, *Nelson v. United States*, 129 S. Ct. 890, 892 (2009) ("Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable.").

The district court "has substantial latitude to determine how much weight to give the various factors under § 3553(a)." *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *see also United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("'[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). "If the court determines that a sentence outside of the Guidelines is called for, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Braggs*, 511 F.3d at 812 (internal quotation marks omitted). "The sentence chosen should be adequately explained so as 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *Id.*

### IV. EVIDENTIARY RULES

The court makes findings of fact by a preponderance of the evidence. *See, e.g.*, *United States v. Bah*, 439 F.3d 423, 426 n.1 (8th Cir. 2006) ("[J]udicial fact-finding using a preponderance of the evidence standard is permitted provided that the [Sentencing Guidelines] are applied in an advisory manner."). The court considers a wide variety of evidence, including the undisputed portions of the PSIR, as well as the testimony and other evidence the parties introduced at trial and at the Hearing. The court does not "put on

blinders" and only consider the evidence directly underlying Defendant's offenses of conviction. In calculating Defendant's Guidelines range, for example, the court applies the familiar doctrine of relevant conduct. *See* USSG §1B1.3 (2008). The Eighth Circuit Court of Appeals has repeatedly held that a district court may consider uncharged, dismissed and even acquitted conduct at sentencing. *See, e.g.*, *United States v. Whiting*, 522 F.3d 845, 850 (8th Cir. 2008). When relevant and "accompanied by sufficient indicia of reliability to support the conclusion that it [was] probably accurate," the court credits hearsay. *United States v. Sharpfish*, 408 F.3d 507, 511 (8th Cir. 2005). The sentencing judge is afforded great discretion in determining the credibility of witnesses and making findings of fact. *United States v. Bridges*, 569 F.3d 374, 378 (8th Cir. 2009).

## *V. ISSUES*

The instant memorandum addresses: (1) whether a **5**-level increase pursuant to USSG §2G2.2(b)(3)(B) applies and (2) whether the court should depart or vary downward from the advisory Guidelines range.

### *A. Enhancement Under USSG §2G2.2(b)(3)(B)*

USSG §2G2.2(b)(3)(B) directs the court to apply a **5**-level increase to Defendant's base offense level if "the offense involved . . . [d]istribution for receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain[.]" The Eighth Circuit Court of Appeals "has applied the enhancement in cases where the defendant received and shared child pornography files through peer-to-peer file-sharing networks." *United States v. Bastian*, 603 F.3d 460, 466 (8th Cir. 2010) (citing *Untied States v. Ultsch*, 578 F.3d 827, 829-30 (8th Cir. 2009); *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009); *United States v. Griffin*, 482 F.3d 1008, 1012-13 (8th Cir. 2007)). However, the enhancement does not apply automatically when a defendant uses a file-sharing program. There must be some evidence of uploading files to the program, in addition to downloading. *See United States v. Durham*, 618 F.3d 921, 929 (8th Cir. 2010) (finding the enhancement did

4

not apply where there was "direct evidence of Durham's knowledge of *downloading* files via Limewire, [but] there [was] no such evidence of his knowledge of *uploading*, i.e. distributing files, over the program").

> "[W]hether a defendant qualifies for the five-level enhancement must be decided on a case-by-case basis, with the government bearing the burden of proving that the defendant 'expected to receive a thing of value—child pornography—when he used the file-sharing network to distribute and access child pornography files.'" *Stults*, 575 F.3d at 849, *quoting Griffin*, 482 F.3d at 1013. The government can meet its burden with direct evidence, such as an admission by the defendant that he knew he was using a file-sharing network, and could download files from others who could download files from him. *See Griffin*, 482 F.3d at 1013. The government can also meet its burden with indirect evidence, such as the defendant's technical sophistication in computers, inferring that he knew that by using a file-sharing network, he could download files from others who could also access his files. *See Stults*, 575 F.3d at 849.

*Bastian*, 603 F.3d at 466.

At the Hearing, the government introduced a record of Defendant's chats with other users of the Gigatribe program. Defendant, under the name "enJOYitall," states that he "used to have lots of pics to trade, but [his] hard drive crashed a month ago so now [he] has nothing." Gov't Exhibit 2 (docket no. 49-1) at 1. He asks multiple users for their passwords to acquire pornography from those users. He tells one user that he has "nothing to share." At the Hearing, Investigator Joseph Schmitz testified that he found "no direct evidence that files were uploaded . . . [but that] in the chats there's indicators that there may be or may have been files . . . to share." When asked directly whether there is any forensic evidence that Defendant traded pornography, Investigator Schmitz answered "no."

The unobjected to portion of the PSIR applicable to this issue states:

5

> The defendant was interviewed during the execution of the search warrant. The defendant admitted to being on Gigatribe under the screen name "enjoyitall." Initially, the defendant stated he did not use Gigatribe that frequently and it had been a day or two since he had used it; however, after he was confronted by Crowley, the defendant admitted to having used Gigatribe just prior to the execution of the search warrant. The defendant admitted to using "volleybaIl1" as his password, "enjoyable" as his screen name, and schaeferted@ yahoo.com as his e-mail address. The defendant stated that he had downloaded child pornography via his Gigatribe account. The defendant admitted using Gigatribe to share child pornography. The defendant stated that his sexual preference was not children; however, he knew by collecting child pornography, he would have a better chance at getting better adult pornography from other collectors. The defendant claimed to have a limited knowledge of computers but was aware that his computer used the Windows XP operating system. The defendant was unsure if his Internet connect[ion] was secured or unsecured. The defendant stated he lived alone and the only other people who would have used his computer were his two minor daughters.

PSIR at ¶ 19.

The court finds that the government has not met its burden of proving by a preponderance of the evidence that Defendant actually uploaded pornography to the system to receive or with the expectation to receive more pornography. The chats indicate that he attempted to receive pornography, and he even states that his motive is to trade that pornography, but there is no evidence that he ever actually did this. Investigator Schmitz confirmed this fact in his testimony. Accordingly, the court declines to apply the **5**-level enhancement. Defendant's total Base Offense Level is 28. He is Criminal History Category I. The applicable sentencing range is **78-97 months** imprisonment.

### B. *Variance*

On the issue of downward variance, Defendant argues that Defendant's history and

6

characteristics (lack of criminal history, strong family support and lack of physical abuse of his own daughters) support a variance from the advisory Guidelines range. Defendant also argues that the child pornography Guidelines are substantively unreasonable.[1]

The court is well aware of its duty to consider all of the 18 U.S.C. § 3553(a) factors in arriving at a disposition. Defendants convicted of child pornography possession in this District come from a variety of backgrounds; however, a substantial number of them have no criminal history, steady employment and supportive families. Defendant is not unique in that respect. The advisory Guidelines take into consideration the lack of criminal history and the fact that there is no evidence of inappropriate conduct between the Defendant and children. Were Defendant to have a prior criminal history and a history of inappropriate contact with children, his sentence would be substantially higher. Nonetheless, Defendant's possession of child pornography is a serious crime. It continues and encourages the victimization of children and warrants a substantial sentence to punish Defendant and to deter him and others. Clearly, he had the intent to distribute child pornography to others. His online chats establish that he was very interested in trading child pornography with others, although due to computer glitches he found himself without anything to trade. He stated he was trying to rebuild an inventory of pornography.

In these chats, Defendant also indicated he may be interested in spending time with his online friend's daughter for money. He expressed an interest in going into business with this friend and selling his friend's daughter for money. When his online friend rejected his suggestion, Defendant stated "too bad I think we could have fun and make a lot of money together." Gov't Exhibit 2 at 3. Defendant described his interest in a chat as liking "anything" and "everything," including kids. *Id.* Defendant may or may not

---

[1] The Eighth Circuit Court of Appeals has made it clear that "reasonableness" is an appellate standard—not a district court standard. This court's responsibility is to impose a sentence that is "sufficient but not greater than necessary to achieve the goals of sentencing." *United States v. Lytle,* 336 F. App'x 557, 588 (8th Cir. 2009).

have been trying to trade child pornography for adult pornography. Nothing in his chats suggests that.

With regard to the argument that the advisory Guidelines applicable to child pornography are too severe and not the result of empirical research, the court notes that they are a starting point in arriving at a disposition in every case. *See Gall*, 552 U.S. at 50. After calculating the Guidelines range, the court must consider departures and variances. There is no requirement that a sentencing court disagree with any sentencing Guideline "whether it reflect a policy judgment of Congress or the Commission's 'characteristic' empirical approach." *United States v. Jones*, 563 F.3d 725, 730 (8th Cir. 2009). The court does not find the sentence in this case to be too severe.

## VI.  CONCLUSION

In this case, the court finds the sentence that is sufficient but not greater than necessary to achieve the goals of sentencing is a Guidelines sentence. When the court reconvenes the Hearing, it shall sentence Defendant in a manner consistent with this memorandum.

**IT IS SO ORDERED**.

**DATED** this 11th day of May, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA